UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE, and GREATER YELLOWSTONE COALITION, | Case No. 1:18-cv-504-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| U.S. FOREST SERVICE, | |
| Defendant, | |
| OTIS CAPITAL USA CORP., | |
| Defendant-Intervenor. | |

The Kilgore Gold Exploration Project is a proposed operation to explore gold in mining claims held on public lands in the Caribou-Targhee National Forest, near the Idaho-Montana border. In this case, several years ago, the Court vacated and remanded the Forest Service's 2018 approval of the Kilgore Project for violating NEPA. Dkt. 47; Dkt. 53. In November 2021, the Forest Service issued a FONSI approving the Kilgore Project once more. Plaintiffs—who seek to challenge the new approval's compliance with NEPA and the Court's previous order—ask the Court to reopen the case and allow them to file a supplemental

**MEMORANDUM DECISION AND ORDER - 1**

complaint pursuant to Federal Rule of Civil Procedure 15(d). The Court will deny the motion.

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." District courts have broad discretion under Rule 15(d) in determining whether to allow a supplemental complaint. *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988). Courts have generally granted motions to supplement under Rule 15(d) where a matter is still pending, and final judgment has not yet been entered. *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113 (9th Cir.1986); *Western Watersheds Project v. Zinke*, 347 F. Supp. 3d 554, 558 (D. Idaho 2018).

This case, however, was closed in January 2020. Final judgment has been entered and the Court did not otherwise specifically retain jurisdiction. Moreover, the proposed supplemental complaint is a new and distinct action challenging a different final agency action. These new claims belong in a new case.

Plaintiffs ask that any new case be assigned to the undersigned. Defendant-intervenors object that plaintiffs are forum shopping. The Court disagrees. The cases will obviously have significant issues in common. Both involve the Kilgore Project and have the same types of claims regarding similar agency decisions.

MEMORANDUM DECISION AND ORDER - 2

They both deal with the same subject matter and involve the same parties. Judicial economy—and specifically this Court's knowledge of the facts, science, and law at issue—supports assigning any future case to this Court. Indeed, in the District of Idaho it is not unusual to have cases reassigned to a judge who has dealt with the same factual and legal issues in prior proceedings.[1] Particularly because the district is chronically understaffed, the need for that kind of judicial efficiency is paramount.

## ORDER

**IT IS ORDERED that:**

1.    Plaintiffs' motion for leave to file a supplemental complaint (Dkt. 60) is **DENIED** with the understanding that any new case filed with these claims will be assigned to this Court.

---

[1] Intervenors argue that this motion is an attempt to "circumvent the normal case-assignment procedures" and "pick their preferred judge under the auspices of a meritless Rule 15(d) motion." Dkt. 61 at 14. The Court gives plaintiffs the benefit of the doubt that this motion was indeed brought in good faith. However, the Court notes that in situations involving a new case that has significant issues in common with a previous and closed case, the Court's general preference is that litigants simply file a notice of related cases. The Court can then consider whether judicial economy would indeed support reassigning the case.

**MEMORANDUM DECISION AND ORDER - 3**

DATED: May 25, 2022

B. Lynn Winmill
U.S. District Court Judge